UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN C. DALTON, IV,<br>JOHN C. DALTON, V, and<br>MATTHEW J. DALTON,<br><br>Defendant. | Case No. 8:21-cv-00140-JVS-JDEx<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[Discovery Document: Referred to Magistrate Judge John D. Early] |

Plaintiff the United States of America (the "United States" or "Plaintiff") and Defendants John C. Dalton, IV, John C. Dalton, V, and Matthew J. Dalton (collectively Defendants), by and through their undersigned counsel, hereby stipulate to the entry of this Protective Order in this matter.

**Good Cause Statement**

WHEREAS, the United States and Defendants have served discovery requests and/or may serve discovery requests or subpoenas that call for the identification or production of documents and information.

WHEREAS, the identification or production of certain documents and information in this litigation may include confidential and proprietary information, including trade secrets, as well as sensitive, non-public information, such as business

or personal financial information, and business or personal tax returns (excluding tax returns for the business entities identified in the Complaint).

WHEREAS, to provide a reasonable mechanism for the parties and non-parties to address any such matters of confidentiality, the United States and Defendants have agreed to the provisions of this proposed Protective Order, subject to the Court's entry of a protective order in this action.

NOW THEREFORE, the Court, for good cause shown, recognizes that a protective order is necessary to protect confidential information and to provide the parties and non-parties with a mechanism for addressing confidentiality and for avoiding a waiver of privilege or any other applicable protective evidentiary doctrine as a result of inadvertent disclosure, and therefore, the Court ORDERS that all discovery in this action shall be governed by the following protective order:

**Designation of Confidential Information**

1. Any party or non-party may designate as Confidential any document or response to discovery to the extent that the material falls within the protection of Rule 26(c) of the Federal Rules of Civil Procedure or which that party or non-party considers in good faith to contain sensitive, non-public information involving trade secrets, business or personal financial information, business or personal tax returns (excluding tax returns for the business entities identified in the Complaint), or any other confidential or proprietary information that is subject to protection under federal law or any applicable state law ("Confidential Information"). Any party or non-party may designate any document or discovery response as Confidential Information pursuant to this Order by stamping each page which it designates as Confidential Information with the words "CONFIDENTIAL: Subject to Protective Order" and by indicating that the document or discovery response includes Confidential Information in a cover communication. In the cover communication, the party designating a document (or portion thereof) as "CONFIDENTIAL" shall identify to the opposing party by Bates Number the page(s) marked

"CONFIDENTIAL." For Electronically Stored Information ("ESI"), any physically produced storage containing confidential ESI must be affixed with the words "CONFIDENTIAL: Subject to Protective Order." The physically produced storage shall either (a) identify the documents designated as Confidential Information to enable a person to reasonably determine what documents are claimed as Confidential Information (including by Bates Number, if applicable), or (b) create a separate log identifying the documents by Bates Number (if applicable) claimed to be Confidential Information. Any dispute regarding the confidential nature of particular material shall not serve as the basis for refusing to produce that particular material.

2. Except with the prior written consent of the party or non-party originally designating a document or discovery response as Confidential, or as hereinafter provided under this Order, Confidential Information may not be disclosed to any person or entity not associated with this action except as set forth below. Subject to ¶ 4, documents or information designated as Confidential Information may be used solely for the purpose of this litigation.

**Permissible Disclosures of Confidential Information**

3. Notwithstanding ¶ 2, Confidential Information shall not be disclosed to any person or entity other than the following and only to the extent necessary for this litigation:

  (a) the parties and their necessary employees;[1]

  (b) counsel for the respective parties to this litigation;

  (c) employees of such counsel;

---

[1] Disclosure may be made to employees of a party who have direct functional responsibility, provide direct assistance to counsel in this civil matter, or exercise supervisory authority for the preparation and trial or settlement of the above-captioned lawsuit and their staff. Any such employee to whom disclosure is made must be advised of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence. In the case of the Plaintiff, and for purposes of this Order, the party shall be understood to mean the IRS.

(d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall be provided a copy of this Order, be informed of its contents, and execute a copy of the certification annexed to this Order as Exhibit A before being shown or given any Confidential Information. Disclosure of Confidential Information shall not affect and alter any deadline in this litigation for parties to disclose consultants or expert witnesses;

(e) the Court, Court personnel, and Court reporters;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have executed a copy of the certification annexed to this Order as Exhibit A;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in this action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the certification attached as Exhibit A hereto; and (2) with the exception of counsel of record for the parties in this litigation, they will not be permitted to keep any confidential information unless they sign the certification (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j) Such other persons as may be designed by written consent of the designating party or by order of the Court.

(k) Any person receiving Confidential Information pursuant to ¶ 3 shall not reveal to or discuss such information with any person not entitled to receive such information except as set forth herein.

STIPULATED PROTECTIVE ORDER                              CASE NO. 8:21-cv-00140-JVS-JDEx
- 4 -

**Law Enforcement Carve-out**

4. Notwithstanding ANY provision of this Order, this Order does not prohibit or otherwise restrict a party from disclosing information protected by this Order to any civil or criminal component of any Federal or State agency with authority to enforce laws regulating any activity relating to the information. Any such Federal or State agency shall keep the information confidential only to the extent provided by law, and shall not be subject to this Order. Nothing in this Order prohibits a receiving party that is a governmental agency from following its routine uses and sharing such information, documents or other material with other governmental agencies or self-regulatory organizations as allowed by law.

**Objections to Confidential Information**

5. In the event a non-designating party disagrees with the designation by the producing party of any Confidential Information, the objecting party must notify the designating party, in writing, of its objection that the designation does not comport with the standards set forth in this Order. If the parties fail to resolve such dispute, the designating party shall act as the moving party in seeking the Court's resolution of the dispute pursuant to Local Rule 37. The parties shall comply with all requirements of the local rules, including Local Rule 37-1, *et seq.*, and any applicable scheduling order.

6. The information designated as Confidential that is the subject of such motion or informal application shall be treated in accordance with its confidential designation pending the Court's decision on the motion, and any appeals or writs from the Court's decision. The designating party bears the burden of proof that such information is in fact confidential.

**Confidential Information in Depositions and in Response to Written Discovery**

7. A party or non-party may designate information disclosed in response to written discovery or during a deposition as Confidential Information

by so indicating in said responses or on the record at the deposition. Additionally, a party may designate in writing, within 20 days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information. All deposition transcripts shall be treated as Confidential for 30 days after the conclusion of the deposition to allow time for the parties to make their Confidential Information designations. Any other party may object to such proposal by following the procedures described in ¶¶ 5-6 above. If any designation made according to the procedure set forth in this paragraph is not challenged or if a motion is made to the Court to rule on the confidentiality of information or a document, the designated information shall be treated as Confidential Information until the matter is resolved according to the procedures described in ¶¶ 5-6 above, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

8. Any witness or other person, firm, or entity from which discovery is sought in this action may be informed of this Protective Order and may obtain the same protection outlined in ¶ 7.

**Confidential Information in Dispositive Motions or at Trial**

9. If a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Competent evidence supporting the application to file documents under seal must be provided by declaration signed under penalty of perjury.

**Inadvertent Disclosure of Confidential Information**

10. In the event that a party inadvertently discloses Confidential Information without the proper designation, that party may request confidential treatment of such information or documents by submitting written notice to opposing counsel within 10 days of the inadvertent disclosure. Thereafter, the parties shall follow the procedures described in ¶¶ 5-6 above.

**Subpoena of Confidential Information**

11. If at any time any Confidential Information governed by this Order is subpoenaed by a Court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed shall be provided a copy of this Protective Order.

**Filing of Confidential Information**

12. Unless specified below, the process and requirements under Local Rule 79-5.2.2 shall apply to the filing of any document or information under seal. The parties agree that only material that meets the requirements of Federal Rule of Civil Procedure 26(c), applicable case law, or any other confidential or proprietary information that is subject to protection under federal law or any applicable state law shall be entitled to be filed under seal. No documents or information shall be filed under seal beyond those ordered by the Court.

13. The parties shall comply with the procedures set by Local Rule 79-5.2.2(b) and 79-5.2.2(c) to seek leave to file and/or file documents with Confidential Information under seal, with the following additions: (a) a party who anticipates filing documents with Confidential Information must provide at least five (5) business days' notice to opposing counsel prior to filing any motion that may include Confidential Information; and (b) within three (3) business days after this notification, the parties must meet and confer as required by Local Rule 79-5.2.2(b). To minimize sealing of documents from the public record, the parties are

obligated to seek agreement on alternatives to filing under seal to protect public disclosure of Confidential Information, including use of redaction(s) and/or stipulation(s) of pertinent facts.

**Modification Permitted**

14. Nothing in this Order shall prevent any party or subject or discovery from seeking modification of the terms of this Order or from objecting to discovery that it believes to be otherwise improper.

**Responsibility of Attorneys**

15. The counsel for the parties are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of Confidential Information.

16. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of any Confidential Information.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: June 2, 2021

| | |
|---|---|
| DAVID A. HUBBERT<br>Acting Assistant Attorney General,<br>Tax Division<br>TRACY WILKINSON<br>Acting United States Attorney<br>THOMAS D. COKER<br>Assistant United States Attorney<br>Chief, Tax Division<br><br>By: /s/ *Russell J. Edelstein*<br>GREGORY L. MOKODEAN<br>HARRIS J. PHILLIPS<br>RUSSELL J. EDELSTEIN<br>Trial Attorneys, Tax Division<br>U.S. Department of Justice<br><br>Attorneys for the United States of America | NIXON PEABODY LLP<br><br>By: /s/ *Shahzad Malik*<br>Shahzad Malik, CA SBN 189258<br>smalik@nixonpeabody.com<br>John T. Ruskusky, IL SBN 6256605<br>(admitted pro hac vice)<br>jtruskusky@nixonpeabody.com<br>David M. Pattee, IL SBN 6317265<br>(admitted pro hac vice)<br>dmpattee@nixonpeabody.com<br><br>300 South Grand, Suite 4100<br>Los Angeles, CA 90071<br>Tel: (213) 629-6000<br>Fax: (213) 629-6001<br><br>Attorneys for Defendants John C. Dalton, IV, John C. Dalton, V, and Matthew J. Dalton |

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED. This Order does not govern trial and nothing in this Order authorizes filing any item under seal, with Local Rule 79-5.2.2 governing requests to file items under seal.

DATED: July 02, 2021

JOHN D. EARLY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN C. DALTON, IV,<br>JOHN C. DALTON, V, and<br>MATTHEW J. DALTON,<br><br>    Defendant. | Case No. 8:21-cv-00140-JVS-JDEx |

### EXHIBIT A

    I, _____, state under penalty of perjury that I have read the Protective Order dated _____ ("Protective Order"), in connection with the above-captioned matter, and that I understand that Confidential Information is being provided to me pursuant to the terms of that Protective Order. I agree to be bound by that Protective Order and to submit myself to the jurisdiction of the U.S. District Court, Central District of California for the enforcement of the Protective Order.

Dated: _____                  _____

                                                                              SIGNATURE